1 | Richard Kim, Esq. (SBN: 272184)
**LAW OFFICES OF RICHARD KIM PC**
2 | 6131 Orangethorpe Ave., Suite 370
3 | Buena Park, CA 90620
4 | Phone: 714-276-1122
Fax: 714-276-1120
5 |
6 | *Attorneys for Plaintiffs,*
7 | *MICHAEL SNYDER and SEAN EVANS*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SNYDER, an Individual; and SEAN EVANS, an Individual;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CLAREMONT, a Public Entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>[29 U.S.C. §201, ET. SEQ.]<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.  Plaintiffs MICHAEL SNYDER and SEAN EVANS (collectively, "Plaintiffs") are non-exempt law enforcement officers employed by Defendant CITY OF CLAREMONT (hereinafter, "Defendant" or "City") and brings this action seeking declaratory judgment under 28 U.S.C. §2201 and §2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys fees, and other relief under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. (hereinafter, "Fair Labor Standards Act" or "FLSA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this action is conferred on this Court by 28 U.S.C. §1331;

29 U.S.C. §126(b), and 28 U.S.C. §1337.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. §207, et. seq.  Venue lies within this district pursuant to 28 U.S.C. §1391.

## PARTIES

3. Plaintiffs MICHAEL SNYDER and SEAN EVANS are non-exempt law enforcement officer employed by the City.

4. Plaintiffs are non-exempt City Employees who are due compensation under the FLSA on a variety of schedules, including a partial overtime exemption under 29 U.S.C. §207(k) for law enforcement personnel.

5. Defendant CITY OF CLAREMONT is a political subdivision of the State of California, an "employer" within the meaning of 29 U.S.C. §203(d), an "enterprise" under 29 U.S.C. §203(r), and a "public agency" within the meaning of 29 U.S.C. §203(x).

6. Defendant employed Plaintiffs.  Defendant implemented an illegal compensation computation method which undercounted Plaintiffs' regular rate of pay.  Defendant's method of calculating Plaintiff's regular rate of pay resulted in under-payment for overtime hours worked.  Defendant permitted Plaintiffs to perform overtime work without proper compensation.

## FACTUAL ALLEGATIONS

7. Plaintiffs, while employed by Defendant, were employees within the meaning of 29 U.S.C. §203(e)(1) and, thus, entitled to the rights, protections, and benefits provided under the FLSA.

8. Plaintiff Snyder has been employed as a police officer with Defendant since approximately October 2008 and has been a K-9 police officer for Defendant from approximately 2015.

9. Plaintiff Evans has been employed as a police officer with Defendant since approximately September 2005 and has been a K-9 police officer for Defendant since approximately 2015.

10. Plaintiffs were Defendant's only K-9 police officers.

11. During this time frame, Plaintiffs routinely worked hours above the applicable FLSA threshold – whether subject to 207(k) or non-207(k) schedule – and in excess of their regularly scheduled hours.

12. During the course of their employment, Plaintiffs transported their canines to and from work, boarded the dogs, and trained, groomed, fed, and otherwise cared for their dogs while off duty.

13. Defendant failed to compensate Plaintiffs for all the time that Plaintiffs spent transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

14. Any agreement or memorandum of understanding between Defendant, Plaintiffs, and/or the Claremont Police Officer's Association fails to account for the total time Plaintiffs spent transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

15. Any agreement or memorandum of understanding between Defendant, Plaintiffs, and/or the Claremont Police Officer's Association was not reasonable.

16. Defendant is not and never was exempt under the FLSA from compensating Plaintiffs for transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

17. At all relevant times, Defendant paid Plaintiffs twelve (12) hours of their regular rate of pay each month (less than 30 minutes per day). This was not reasonable compensation for the time Plaintiffs spent transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

18. Defendant's failure to compensate Plaintiffs for transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty impermissibly reduced the amount paid to Plaintiffs both in their minimum wages as well as their overtime.

19. Defendant was never exempt under the FLSA from paying Plaintiffs reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

20. At all relevant times, Defendant required Plaintiffs to drive their police vehicles from the police station to their homes after their shift ended and from their homes to the police station when their shifts were beginning.

21. At the times when Plaintiffs were traveling to and from the police station in their police vehicles, they were on active patrol and engaged in principal activities of police officers.

22. Defendant's failure to compensate Plaintiffs for this travel time and patrol impermissibly reduced the amount paid to Plaintiffs both in their minimum wages as well as their overtime.

23. Defendant was never exempt under the FLSA from paying Plaintiffs reasonable compensation for this time.

24. At all relevant times, Plaintiffs are informed and believe that the overtime pay Defendant provided to Plaintiffs was deficient due to Defendant using the wrong number of hours worked in the denominator when determining the regular hourly rate used to calculate the FLSA overtime rate provided.

25. Plaintiffs are informed and believe Defendant used total hours worked instead of using scheduled hours worked as applicable to Plaintiffs.  See *Walling v. Helmerich and Payne, Inc.*, (1944) U.S. 323 U.S. 37, 39-40 ("[W]hile the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime week."), *Walling v. Youngerman-Reynolds Hardwood Co., Inc.* (1945) 325 U.S. 419, 423-424 (in which the Supreme Court noted the importance of not diminishing the value of overtime based on the number of hours worked when it stated, " . . . Section 7(a) achieves its dual purpose of inducing the employer to reduce the hours of work and to employ more men and of compensating the employees from the burden of a long work week."), *149 Madison Avenue Corp. v. Asselta* (1947) 331 U.S. 199, 204 (the court references the regular rate which "obviously mean[s] the hourly rate actually paid for the normal, non-overtime work week"), and *Frank v. McQuigg* (Ninth Cir. 1991) 950 Fed.2d 590, 597 (the court struck down the Postal Service's inclusion of total hours worked in the

denominator); and *Scott v. District of New York* (S.D.N.Y. 2008) 592 Fed.Supp.2d 475.

26. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs.

27. Defendant's failure to properly compensate Plaintiffs was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

28. As a result of the foregoing violations of the FLSA, Plaintiffs seek damages for minimum wages, unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

## FIRST CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. §201, et. seq., including §207

**Failure to Reasonably Compensate Plaintiffs for Care of Their Canine and, Thus, Failure to Accurately Calculate Plaintiffs' Regular Rate and Overtime Rate of Compensation**

**(Against all Defendants)**

29. Plaintiffs hereby re-allege and incorporate by references the allegations set forth in Paragraph 1 to 28 of this Complaint as forth in full herein.

30. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. 201, *et. seq.*

31. At all relevant times, Defendant paid Plaintiffs twelve (12) hours of their regular rate of pay each month (less than 30 minutes per day). This was not reasonable compensation for the time Plaintiffs spent transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

32. Defendant was never exempt under the FLSA from paying Plaintiffs reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for their dogs while off duty.

33. At all relevant times when Plaintiffs worked in excess of their regular schedule, they were entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. §207 and 29 C.F.R. §553.230.

34. At all relevant times, Defendant failed and refused to provide Plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for their canine while off duty in their calculation of their regular rate.

35. Defendant's failure to pay Plaintiffs reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty impermissibly reduced the amount paid to Plaintiffs both in their minimum wages as well as their overtime.

36. Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs for the hours they worked in excess of their regular schedules wrongly deprives Plaintiff of the FLSA overtime compensation that is due to them at all times material herein.

## SECOND CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. §201, et. seq., including §207

**Failure to Accurately Calculate Plaintiffs' Regular Rate and Overtime Rate of Compensation**

**(Against all Defendants)**

37. Plaintiffs hereby re-allege and incorporate by references the allegations set forth in Paragraph 1 to 36 of this Complaint as forth in full herein.

38. At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201, et. seq.

39. At all relevant times, Defendant failed and refused to compensate Plaintiffs when they were engaged in the principal activities of police officers.

40. Defendant failed to compensate Plaintiffs for time periods of patrol while traveling to and from the police station in their police vehicles.

41. Defendant was never exempt under the FLSA from compensating Plaintiff. For the time periods of patrol.

42. At all relevant times, when Plaintiffs worked in excess of their regular schedules, they were entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for each additional hour or fraction thereof worked. (29 U.S.C. §207; 29 C.F.R. §553.230).

43. At all relevant times, Defendant failed to provide Plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay.

44. Defendant's failure to compensate Plaintiffs for this time impermissibly reduced the amount paid to Plaintiffs both in their minimum wages as well as their overtime.

## THIRD CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. §201, et. seq.,

**Failure to Include the Correct Denominator to Calculate Plaintiffs' Regular Rate of Pay**

**(Against all Defendants)**

45. Plaintiffs hereby re-allege and incorporate by references the allegations set forth in Paragraph 1 to 44 of this Complaint as forth in full herein.

46. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under FLSA, 29 U.S.C. §201, *et. seq*.

47. At all relevant times, Plaintiffs are informed and believe that Defendant provided FLSA overtime pay to Plaintiffs which was deficient (less overtime pay than should have been provided) due to Defendant using the wrong number of hours worked in the denominator when determining the regular hourly rate used to calculate FLSA overtime pay provided.

48. Plaintiffs are informed and believe Defendant used total hours worked

instead of using scheduled hours worked as applicable to Plaintiffs.  See *Walling v. Helmerich and Payne, Inc.*, (1944) U.S. 323 U.S. 37, 39-40 ("[W]hile the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime week."), *Walling v. Youngerman-Reynolds Hardwood Co., Inc.* (1945) 325 U.S. 419, 423-424 (in which the Supreme Court noted the importance of not diminishing the value of overtime based on the number of hours worked when it stated, " . . . Section 7(a) achieves its dual purpose of inducing the employer to reduce the hours of work and to employ more men and of compensating the employees from the burden of a long work week."), *149 Madison Avenue Corp. v. Asselta* (1947) 331 U.S. 199, 204 (the court references the regular rate which "obviously mean[s] the hourly rate actually paid for the normal, non-overtime work week"), and *Frank v. McQuigg* (Ninth Cir. 1991) 950 Fed.2d 590, 597 (the court struck down the Postal Service's inclusion of total hours worked in the denominator); and *Scott v. District of New York* (S.D.N.Y. 2008) 592 Fed.Supp.2d 475.

49. Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs for the hours they worked in excess of their regular schedules wrongly deprives Plaintiffs of the FLSA overtime compensation that is due to them at all relevant times.

50. Plaintiffs ANDREW HERRERA and AMERICA HERRERA suffered harm including bodily harm, mental and psychological harm, and property damage.

51. Defendants and each of them, were a substantial factor in causing Plaintiffs' injuries and damages including bodily injury, emotional distress, loss of earnings, medical and psychological expenses.

### FOURTH CAUSE OF ACTION

**Defendant Willfully and in Bad Faith Violated 29 U.S.C. Section 207
And Is Liable for Plaintiff's Back Pay, Overtime
Compensation,Liquidated Damages, Interest, Reasonable Attorneys'
Fees and the Costs of this Action.**

**(Against all Defendants)**

52.    Plaintiffs hereby re-allege and incorporate by references the allegations set forth in Paragraph 1 to 51 of this Complaint as forth in full herein.

53.    At all relevant times, Defendant was aware of the provisions of the FLSA.

54.    At all relevant times, Defendant's failure to reasonably compensate Plaintiffs for transporting, boarding, training, grooming, feeding, or otherwise caring for their canines while off duty was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

55.    At all relevant times, Defendant's failure to compensate Plaintiffs while they were engaged in the principal activities of police officers was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

56.    Defendant's actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. §207 within the meaning of 29 U.S.C. §255(a).

57.    As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by the Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. §216(b) and §255.

58.    Defendant is additionally liable for an equal amount as liquidated damages, interest, reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiffs pray for relief as follows:

1.    For Declaratory Judgment that Defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiffs if their rights protections, and

entitled under federal law, as alleged herein, and Plaintiffs are entitled to recover damages under a three (3) year statute of limitations;

2. An order for a complete and accurate accounting of all the compensation to which Plaintiffs are entitled.

3. Judgment against Defendants awarding Plaintiffs monetary damages in the form of back pay compensation, liquidated damages equal to unpaid compensation.

4. For reasonable attorney's fees as well as cost in this action pursuant to 29 U.S.C. §216(b); and

5. For pre-judgment and post-judgment interest, if any shall be incurred;

6. For such other and further relief as the Court may deem proper.

Dated:  May 20, 2020               Respectfully submitted,

                                   LAW OFFICES OF RICHARD KIM PC


                                   By: /s/ Richard Kim
                                       Richard Kim
                                       Attorneys for Plaintiffs,
                                       MICHAEL SNYDER and SEAN
                                       EVANS

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  May 20, 2020    LAW OFFICES OF RICHARD KIM

By: */s/ Richard Kim*_____
Richard Kim
Attorneys for Plaintiffs,
MICHAEL SNYDER and SEAN EVANS